UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID BRENNAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00382-NT |
| | ) | |
| GinA, formerly known as | ) | |
| GINA TURCOTTE, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDED DECISION ON DEFENDANT'S REMOVAL**

Defendant GinA has filed a petition to remove Plaintiff's action for forcible entry and detainer from the Maine State District Court. Defendant lives "full-time" at the subject property, which is located in Sidney, Maine. (Notice of Removal ¶ 3.) Defendant asserts that removal jurisdiction is proper because Plaintiff David Brennan is a resident of Florida. (*Id.* ¶ 1.)

Defendant filed an application to proceed in forma pauperis, which application the Court granted. (ECF No. 11.) In accordance with 28 U.S.C. § 1915, a preliminary review of the matter is appropriate.[1] Following the review, I recommend that the Court, sua sponte, remand the action to the Maine District Court.

The removal statute does not authorize a forum-resident such as Defendant to remove a case from state court on grounds of diversity of citizenship. The statute provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen

---

[1] When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The plain language of the statute would appear to support a sua sponte remand of the case to state court. However, the First Circuit has held "that removal in contravention of the prohibition against removal by an in-forum defendant creates a procedural defect that is subject to waiver under 28 U.S.C. § 1447(c)." *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 28 (1st Cir. 2012) (finding waiver based on plaintiff's failure to request remand and participation in federal court litigation "*for years*") (emphasis added). Because section 1441's limitation on Defendant's ability to remove the matter can be waived, a sua sponte remand based on section 1441(b)(2) is arguably not appropriate.

A review of Defendant's removal petition, however, reveals that the Court lacks jurisdiction over the subject matter of the case. "It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." *McCulloch v. Velez,* 364 F.3d 1, 5 (1st Cir. 2004). As the Court previously explained to Defendant in another action that she attempted to remove from state court:

> "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* — U.S. —, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011).

*Roy v. Turcotte*, No. 1:15-CV-031-NT, 2015 WL 470600, at *2 (D. Me. Feb. 4, 2015).[2] In the context of a removed action, where there are "important federalism concerns at play," any ambiguity concerning the propriety of removal is strictly construed against removal. *Rossello–*

---

[2] In *Roy v. Turcotte*, citing the Court's federal question jurisdiction under 28 U.S.C. § 1331, Defendant sought to remove a state forcible entry and detainer action.

*Gonzalez v. Calderon–Serra,* 398 F.3d 1, 11 (1st Cir. 2004) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 – 109 (1941)).

In support of her attempt to remove the case to federal court, Defendant relies on the Court's diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to section 1332, federal courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

In the context of a petition to remove a case from state court, the amount in controversy for diversity jurisdiction is based exclusively on the value of the claim asserted in the plaintiff's complaint; the value of any claims that are asserted in a counterclaim is not included in the determination of the amount in controversy. *See*, *e.g.*, *CMS N. Am., Inc. v. De Lorenzo Marble & Tile, Inc.*, 521 F. Supp. 2d 619, 628 (W.D. Mich. 2007) (collecting district court cases within the Sixth Circuit); *Kaplan v. Computer Sciences Corp.*, 148 F. Supp. 2d 318, 320 (S.D.N.Y. 2001); *First Guar. Bank & Trust Co. v. Reeves*, 86 F. Supp. 2d 1147, 1153 – 55 (M.D. Fla. 2000) (discussing the issue at length); *Daybreak, Inc. v. Friedberg*, No. 3:2012-cv-00076, 2013 WL 1831660, at *3 (D.V.I. May 1, 2013) (collecting district court cases within the Third Circuit); *Plant Eng'g Servs., Inc. v. SIFCO Forge Grp.*, No. 1:12-cv-00231, 2012 WL 5398308, at *3 (N.D. Ind. Nov. 5, 2012); *Weaver v. Zurich Am. Ins. Co.*, No. 4:2010-cv-01813, 2010 WL 3910053, at *3 (S.D. Tex. Oct. 1, 2010).

In the removed state court forcible entry and detainer action, Plaintiff seeks possession of the property in question. In fact, possession is the sole remedy available in a forcible entry and detainer action. *Bramson v. Richardson*, 412 A.2d 381, 383 (Me. 1980) ("The action lies only for possession, and a plaintiff may not join in such an action any claim for rent or damages.") (citing

14 M.R.S. § 6005).³ Because Plaintiff's claim for the possession of property does not satisfy the amount in controversy requirement for diversity jurisdiction, this Court lacks subject matter jurisdiction over the matter. Accordingly, the matter should be remanded to the state court.

### CONCLUSION

Based on the foregoing analysis, I recommend that the Court, sua sponte, remand this matter to Maine District Court.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of October, 2015.

---

[3] Even if the amount of the rent were considered, the notice to quit associated with Plaintiff's forcible entry and detainer action reflects allegedly unpaid rents in an amount far below the statutory threshold. (Notice to Quit, ECF No. 1 – 3.) In addition, the value of the property is not a proper consideration when assessing the amount in controversy. Long ago, the Supreme Court held that the value of a property is not a proper measure of the amount in controversy for jurisdictional purposes. *McClung v. Penny*, 189 U.S. 143, 145 – 146 (1903) (dismissing appeal from state court decision where the Supreme Court's appellate jurisdiction depended on an amount in controversy in excess of $5000 and the case presented only a dispute over possessory rights in the property).